# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WINDSOR SURRY COMPANY**, a Delaware corporation, and **WINDSOR WILLITS COMPANY**, a California Corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>**JESUS GOMEZ**,<br><br>        Defendant. | Case No. 3:17-cv-1868-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Jennifer K. Oetter and Michael T. Belisle, LEWIS BRISBOIS BISGAARD & SMITH LLP, 888 SW Fifth Avenue, Suite 900, Portland, OR 97204; Karl R. Loureiro and William E. Pallares, LEWIS BRISBOIS BISGAARD & SMITH LLP, 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. Of Attorneys for Plaintiffs.

Steve D. Larson, STOLL, STOLL, BERNE LOKTING & SHLACHTER P.C., 209 SW Oak Street, Suite 500, Portland, OR 97204. Of Attorneys for Defendant.

      Plaintiffs filed this action in the Circuit Court of the State of Oregon for the County of

Multnomah. Plaintiffs allege breach of a settlement agreement by Gomez and seek injunctive and

declaratory relief, including specific performance. Gomez removed the case to this Court,

asserting jurisdiction under 28 U.S.C. § 1332 based on diversity of the citizenship. Plaintiffs filed

a motion to remand, arguing that the amount in controversy does not exceed the $75,000 threshold for diversity removal because Gomez improperly relied on speculative attorney's fees to reach the amount in controversy. In Plaintiffs' reply, Plaintiffs add the argument that because Gomez is a citizen of Oregon, he is precluded from removing this case under 28 U.S.C. § 1441(b)(2), referred to as the "forum defendant rule."

## STANDARDS

A civil action generally may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447; *see also Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party seeking removal bears the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas*, 553 F.3d at 1244.

## BACKGROUND

On June 12, 2017, Robert Torch filed a putative class action in federal court in this district against Plaintiffs and the Windsor Holding Company (collectively, the "Torch Defendants"), Case No. 3:17-cv-0918-AA (the "Torch Class Action"). Torch alleges that the trim board sold by the Torch Defendants was defective because it rots and decays. On or about August 14, 2017, the Torch Defendants filed a motion to dismiss, arguing that Torch's claim for

breach of implied warranty is barred because he purchased his home with the siding already installed. On or about September 15, 2017, counsel for Torch contacted the Torch Defendants to confer about adding Gomez as an additional named plaintiff in the Torch Class Action. After receiving a copy of the proposed amended complaint, counsel for the Torch Defendants informed Torch's counsel that Gomez had previously agreed to settle his claims against Plaintiffs and that they would not agree to the amendment adding Gomez as a plaintiff in the Torch Class Action.

Before Torch's counsel could file a motion to amend to add Gomez as a plaintiff in the Torch Class Action, Plaintiffs filed the state court action in this case in Multnomah County on September 20, 2017, alleging that Gomez verbally accepted Plaintiffs' settlement offer. On September 22, 2017, Torch filed a motion to amend the complaint to add Gomez as an additional named plaintiff in the Torch Class Action. Judge Ann L. Aiken granted that motion on October 24, 2017, and denied a motion to dismiss and a motion to strike as moot. On November 7, 2017, Torch filed the amended complaint adding Gomez as a named plaintiff.

On November 22, 2017, Gomez removed this case to federal court. On December 8, 2017, the plaintiffs in the Torch Class Action and Gomez in this action filed motions to consolidate this case with the Torch Class Action.

## DISCUSSION

The Court first addresses whether Plaintiffs have waived their right to request remand based on the forum defendant rule. The Court then addresses Plaintiffs' original argument regarding the amount in controversy.[1]

---

[1] Plaintiffs objected to the declaration and supplemental declaration of Steve D. Larson. The objections to the Declaration of Steve D. Larson, ECF 2, are overruled as untimely. That declaration was filed on November 21, 2017. Plaintiffs did not raise any objection in their motion for remand and therefore waived their objections. The objections to the supplemental declaration of Steve D. Larson, ECF 11, are overruled. Mr. Larson states that he is local counsel for the plaintiffs in the Torch Class Action and the Court finds he has sufficient personal

## A. Forum Defendant Rule

Because Plaintiffs did not raise their argument challenging removal under the forum defendant rule until their reply, the Court ordered two rounds of supplemental briefing. The Court requested that the parties brief whether Plaintiffs' waived their right to challenge removal based on the forum defendant rule by failing to raise the argument in Plaintiffs' opening brief. The Court also allowed the parties to brief the merits of Plaintiffs' challenge under the forum defendant rule.

In *Lively v. Wild Oats Markets, Inc.*, the Ninth Circuit held that challenges to removal under the forum defendant rule are procedural defects under § 1441(b) and are therefore waivable. 456 F.3d 933, 935-36 (9th Cir. 2006). In *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Company*, the Ninth Circuit held that § 1447(c) requires that an argument that a procedural defect requires remand to state court must be presented within 30 days and cannot be presented later, including in a reply brief when a timely remand motion was filed raising other arguments. 69 F.3d 1034, 1037-38 (9th Cir. 1995). The court noted that "the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand. Any other reading of the statue would elevate form over substance." *Id.* at 1038.

These two Ninth Circuit cases require this Court to find that Plaintiffs waived their right to assert that the forum defendant rule supports remand in this case. The forum defendant rule is a defect in removal procedure. *Lively*, 456 F.3d at 936. Procedural defects must be raised within 30 days of removal, even if a timely motion to remand was filed raising other arguments. *N. Cal. Dist. Council*, 69 F.3d at 1038. Plaintiffs' reply brief raising the forum defendant rule was not

---

knowledge to testify regarding the information provided to him by others relating to billing entries and lodestar value.

filed within 30 days of removal and thus Plaintiffs waived their right to raise this argument. *Id.*; *cf. HSBC Bank USA v. Mohanna*, 2015 WL 4776236, at *3 n.3 (N.D. Cal. 2015) (granting remand because the notice of removal was untimely, but noting that the plaintiff failed timely to move for remand based on the forum defendant rule and that "[b]ecause HSBC did not raise the forum-defendant rule within thirty days of removal, the argument was waived"); *Monroe v. Gagan*, 2008 WL 4418155, at *3 n.3 (D. Ariz. 2008) (noting *sua sponte* that the removal violated the forum defendant rule but that because the plaintiffs' "timely remand motion is silent as to the forum defendant rule . . . they waived the right to object to removal on that basis").

**B. Amount in Controversy**

Plaintiffs do not allege any specific amount in controversy in the complaint. Gomez states in his Notice of Removal that the amount in controversy exceeds $75,000 because Plaintiffs allege in the Complaint that damages include attorney's fees "incurred in defending against any purported class action lawsuit brought by Defendant." ECF 1-1 at 8 (Compl. ¶ 38). The referenced putative class action lawsuit is the Torch Class Action.

Gomez asserts that attorney's fees to defend against a class action lawsuit will easily exceed the $75,000 threshold. Gomez also notes that the equitable relief sought by Plaintiffs has a value and Gomez asserts its value is the $30,000 that he seeks in the Torch Class Action. Plaintiffs respond that including future fees is speculative and that Gomez's calculation of the amount of future fees relies on speculation that the class will be certified and the personal experience of counsel, which courts have rejected. Plaintiffs also argue that Gomez does not offer sufficient evidence valuing Plaintiffs' equitable claims.

As an initial matter, the Court notes that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Thus,

PAGE 5 – OPINION AND ORDER

there is a value to the declaratory and injunctive relief Plaintiffs seek against Gomez. Plaintiffs are suing Gomez to declare that he has settled his claims against Plaintiffs and to enjoin Gomez from pursing his claims in the Torch Class Action or other litigation. Because Gomez alleges damages in the Torch Class Action of $30,000, the Court considers that to be the value of the declaratory and injunctive relief requested by Plaintiffs.

The attorney's fees at issue in this case relate to Plaintiffs' claim alleging breach of contract by Gomez. The attorney's fees sought are not the usual attorney's fees that courts consider in disputes regarding the amount in controversy. Generally, those disputes center around a plaintiff who has brought claims for relief and asserts that if the plaintiff prevails on one or more of those claims, the plaintiff will then be entitled to recover attorney's fees for bringing the lawsuit that is the subject of the removal and motion for remand. The plaintiff's entitlement to attorney's fees generally arises out of a contract between the parties or a statute. In this case, Plaintiffs do not allege that there is a contract or statute providing for prevailing party attorney's fees, nor do Plaintiffs request as damages in this case attorney's fees for prosecuting this case. Instead, Plaintiffs allege, as consequential damages of Gomez's alleged breach of the settlement agreement, attorney's fees for defending any class action brought by Gomez. These attorney's fees are necessarily attorney's fees related to a different lawsuit. At the time Plaintiffs filed the state court complaint in this case, Gomez was not a plaintiff in the Torch Class Action, a putative class action. At the time of removal, November 22, 2017, Gomez was a named plaintiff in the Torch Class Action and had been since October 24, 2017.

In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d

993, 1001 (C.D. Cal. 2002); *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) ("In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."). Thus, the Court assumes that Plaintiffs will prevail on their breach of contract claim and will prevail on their claim that their consequential damages includes attorney's fees for defending the Torch Class Action, because Gomez is a named plaintiff in that case.

Plaintiffs argue that only attorney's fees accrued through the date of removal can be considered in the amount in controversy.[2] Gomez responds that although courts are split on whether future attorney's fees can be considered, that split relates to attorney's fees that might be warranted based on a statute and not when a plaintiff pleads attorney's fees as consequential damages to a breach of contract. Gomez also argues that even if future fees should not be considered, through the end of 2017 the parties engaged in sufficient litigation in the Torch Class Action to incur more than $45,000 in attorney's fees. Plaintiffs, however, submit an affidavit from counsel stating that their attorney fees in the Torch Class Action to defend against Gomez's claim prior to removal "do not exceed $20,000." ECF 13-1 at 2.

The Court recognizes that courts are split as to whether, in the usual context of prevailing party attorney's fees, considering future fees in the amount in controversy is appropriate. *See*

---

[2] Plaintiffs assert that the law is "well-established" that only attorney's fees through the date of removal can be considered. This is not an accurate statement of the law. "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *19 (C.D. Cal. 2012) (collecting cases); *see also Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue.").

*Julber v. Premera Blue Cross*, 2017 WL 3425179, at *2-3 (D. Or. Aug. 8, 2017) (discussing cases involving prevailing party attorney's fees authorized by statute or contract and noting that the Third, Fourth, Fifth and Tenth Circuits allow future attorney's fees to be included in the amount in controversy whereas the Seventh Circuit only allows fees accrued through the date of removal and that the Ninth Circuit has not yet decided the issue). The Court is persuaded that under the unique facts of this case, where attorney's fees to defend the Torch Class Action are alleged by Plaintiffs as consequential damages for Gomez's alleged breach of contract, including future attorney's fees in calculating the amount in controversy is appropriate.

Plaintiffs argue that a plaintiff is the "master" of its complaint and can plead around federal jurisdiction. This is correct as a general proposition. But it is Plaintiffs who allege in their breach of contract claim that their damages include attorney's fees for defending the Torch Class Action. Because the Court is to presume that Plaintiffs' allegations are true and that a jury would return a verdict on all of their claims, including future attorney's fees for the Torch Class Action in the amount in controversy is appropriate under the facts of this case.

Moreover, it is not unreasonably speculative that the amount in controversy will exceed $75,000. Plaintiffs concede that from early September through November 21, 2017, they had incurred approximately $20,000 in attorney's fees in the Torch Class Action defending Gomez's claim. This included a Rule 26 conference, filing an opposition to the motion to amend the complaint, filing a motion to dismiss the amended complaint, and filing a motion to strike the amended complaint. Since that date, Plaintiffs have filed (as defendants) in the Torch Class Action a reply in support of the motion to dismiss the amended complaint, a reply in support of the motion to strike, and a response in opposition to a motion to consolidate this case with the Torch Class Action. Additionally, there is an oral argument scheduled in the Torch Class Action

PAGE 8 – OPINION AND ORDER

on April 16, 2018. It is a reasonable estimate that Plaintiffs have already, or will have by the end of the oral argument, incurred another $25,000 in attorney's fees, bringing total attorney's fees incurred in the Torch Class Action to defend Gomez's claim to at least $45,000.[3] Add that to the $30,000 in value for the declaratory and injunctive relief, and the amount in controversy has already exceeded $75,000 without the class action needing to be certified and even if Plaintiffs prevail on their pending motion to dismiss in the Torch Class Action. And that does not require considering "future" attorney's fees that Plaintiffs claim will be speculative. Because the claim in this case involve damages of attorney's fees in a *different* case, the Court is not required to look into an unknown future and estimate what litigation might occur and how much it might cost, but can review what is currently being litigated and make reasonable estimates of those fees.

Plaintiffs' argument that the evidence submitted by Gomez is speculative and insufficient to show by a preponderance of the evidence that the amount in controversy is met is rejected. Evidence has been found insufficient when counsel estimates future attorney's fees based on personal experience in a different case. *See, e.g.*, *Peck v. First Student, Inc.*, 2017 WL 3288116, at *4 (D. Or. Aug. 2, 2017). Counsel for Gomez, however, cites to actual attorney's fees incurred in the Torch Class Action, not estimates of future attorney's fees based on personal experience from other cases. Moreover, the Court also relies on Plaintiffs' counsel's affidavit stating the amount of fees Plaintiffs have already incurred in the Torch Class Action between September and November 21, 2017. Accordingly, Gomez has met his burden to show by a preponderance of the evidence that removal was proper.

---

[3] Local counsel for the plaintiffs in the Torch Class Action submitted an affidavit stating that plaintiffs incurred a lodestar in excess of $45,000 from the time they sought to add Gomez as a named plaintiff through January 2, 2018. ECF 11.

PAGE 9 – OPINION AND ORDER

## CONCLUSION

Plaintiffs' motion for remand (ECF 9) is DENIED. Gomez's motion to consolidate (ECF 5) will be addressed by Judge Ann L. Aiken, who presides over the earlier-filed Torch Class Acton.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2018.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge
